IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3098 |
| vs. | ORDER |
| MARK A. BARRAZA SAENZ, | |
| Defendant. | |

The defendant has filed a motion to reduce his sentence pursuant to U.S.S.G. Amend. 821, made retroactive by U.S.S.G. Amend. 825. Filing 120. The defendant relies on the adjustment for "zero-point" offenders in U.S.S.G. § 4C1.1. But the defendant is ineligible for that adjustment, for two reasons.

First, the defendant was not a "zero-point" offender. *See* § 4C1.1(a)(1). He had a criminal history point. Filing 75 at 8. Second, the defendant possessed a firearm in connection with his offense. *See* § 4C1.1(a) (7) (adjustment requires that defendant "did not possess . . . a firearm . . . in connection with the offense"); *see also* filing 75 at 25, 45; filing 46 at 3; filing 50 at 16-17) (defendant possessed an American Tactical M1911 Military .45 caliber semi-automatic pistol in connection with offense).

The defendant argues that simply being convicted of "carrying a firearm during and in relation to a drug trafficking crime" in violation of 18 U.S.C. § 924(c)(1)(A) isn't enough to demonstrate possession of a firearm "in connection with the offense" within the meaning of § 4C1.1(a)(7). Filing 120 at 2. There's no merit to that argument. *See United States v. Cotto*, No. 18-CR-2216, 2025 WL 1505323, at *3 (D.N.M. May 27, 2025); *United States v. Sanchez*, No. 01-CR-170, 2024 WL 3328608, at *3 (E.D.N.Y. July 8, 2024); *United States v.*

*Navarro-Melendez*, No. 18-CR-91, 2024 WL 1722524, at *2 (W.D.N.C. Apr. 22), *aff'd,* No. 24-6627, 2024 WL 4579416 (4th Cir. Oct. 25, 2024); *United States v. Erickson*, No. 18-CR-30148, 2024 WL 578587, at *2 (D.S.D. Feb. 13, 2024).

The defendant also invites the Court to disagree with § 4C1.1(a)(7) on policy grounds, and reduce his sentence despite his possession of a firearm. Filing 120 at 3. The Court cannot do so. The Court *at sentencing* has the discretionary authority to vary from a correctly calculated Guidelines range based upon the Court's policy disagreement with a particular guideline. *United States v. VandeBrake*, 679 F.3d 1030, 1042-43 (8th Cir. 2012) (citing *Kimbrough v. United States*, 552 U.S. 85 (2007)). But the Court can only reduce a sentence pursuant to § 3582(c)(2) as authorized by the Guidelines, and cannot disagree with the Guidelines in that context. *See United States v. Clark*, 563 F.3d 722, 724 (8th Cir. 2009); *accord United States v. Maxwell*, 590 F.3d 585, 588 (8th Cir. 2010). Accordingly,

> IT IS ORDERED that the defendant's motion to reduce sentence (filing 120) is denied.

Dated this 20th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge